IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WHITNEY WASHINGTON**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:17cv342 |
| | ) Electronic Filing |
| **NATHAN SMITH** and **ALEXA ZIMMERMAN**, | ) |
| | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER OF COURT**

Whitney Washington ("plaintiff") commenced this civil action, *in forma pauperis*, against Nathan Smith and Alexa Zimmerman, asserting that he suffered employment discrimination based on his race as well as information found in his criminal background check. See Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq.* Washington avers that he applied for employment with the named defendants, and was assured that if he did not have a poor financial or criminal record, he would be hired. Upon completion of the background check involving the aforementioned records, plaintiff was not offered employment. Based on the reasoning below, plaintiff's motion to proceed *in forma pauperis* will be GRANTED, and his complaint will be DISMISSED for failure to state a claim upon which relief can be granted.

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis. First, the court must determine whether the litigant is indigent within the meaning of 28 U.S.C. § 1915(a). Second, the court must determine

whether the complaint is frivolous or malicious under 28 U.S.C. § 1915(d).[2] Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). The court finds plaintiff to be without sufficient funds to pay the required filing fee. Thus, he will be granted leave to proceed in forma pauperis.

In Neitzke v. Williams, 490 U.S. 319 (1989), the Supreme Court identified two types of legally frivolous complaints: (1) those based upon indisputably meritless legal theory, and (2) those with factual contentions which clearly are baseless. Id. at 327. An example of the first is where a defendant enjoys immunity from suit, and an example of the second is a claim describing a factual scenario which is fanciful or delusional. Id. In addition, Congress has expanded the scope of § 1915 to require that the court be satisfied that the complaint states a claim upon which relief can be granted before it directs service; if it does not, the action shall be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

A review of plaintiff's "complaint" reveals that the plaintiff does not aver a prima facie case for employment discrimination, even under the relaxed standards governing *pro se* filings. See West v. Prudential Ins. Co. of America, 462 Fed. Appx. 170, 171 (3d Cir. 2011). To be sure, a company that refuses to hire an individual based on criminal history information received during the pre-hire process may be liable under Title VII if that policy has a disparate impact on members of a protected group. See Wheeler v. Pa. Dept. of Labor and Industry, No. 10-2022, 2012 WL 1057430 at *7 (E.D.Pa. March 29, 2012) (a company's practice is considered to have a disparate impact if it implements a "facially neutral employment practice or policy resulting in a significantly discriminatory hiring pattern"). However, plaintiff fails to submit sufficient information regarding any impact the company policy may have had on classes of individuals protected by Title VII. And of course, a "mere possibility of misconduct" absent sufficient

---

[2] This provision is now codified at §1915(e)(2)(B)(i).

factual matter, is not enough.  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  Based on the information averred in the complaint, plaintiff has not set forth a claim for disparate impact in violation of Title VII.

A company may also be liable under Title VII if it causes disparate treatment of an individual, meaning it "treated [a] particular person less favorably than others because of the plaintiff's race, color, religion, sex, or national origin."  Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 985-86 (1988).  Once again, plaintiff's complaint lacks sufficient factual information to present a cognizable claim for relief on the basis of disparate treatment.  See Sarullo v. United States Postal Service, 352 F.3d 789, 798 (3d Cir. 2003) (a key part of a disparate treatment analysis is whether the employer has treated others who are not in the protected class more favorably).

It follows that the complaint does not state a claim upon which relief can be granted.  Accordingly, the following order is appropriate.

**ORDER**

AND NOW, this 18th day of February, 2020, for the reasons set forth in the memorandum above, IT IS ORDERED that plaintiff's motion to proceed in forma pauperis be, and the same hereby is, **GRANTED.**  The Clerk of Court shall file [1-1] plaintiff's complaint; and,

IT IS FURTHER ORDERED that plaintiff's "complaint" be, and the same hereby is,

**DISMISSED** for failure to state a claim.[1]

                                          s/David Stewart Cercone
                                          David Stewart Cercone
                                          Senior United States District Judge

cc:    Whitney Washington
       2926 Zephyr Avenue
       Apartment 2
       Pittsburgh, PA 15204

       (*Via First Class Mail*)

       (*Via CM/ECF Electronic Mail*)

---

[1] As a general matter, a plaintiff is to be granted leave to amend a claim that has been dismissed when an amendment might be able to cure the deficiencies resulting in the dismissal. Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008). This principle does not apply, however, where the record indicates any attempt to do so would be futile. Id. at 236 (citing Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002)). Here, it appears that plaintiff's "claims" are predicated solely on speculation. Consequently, the claims have been dismissed and the case has been closed. To the extent plaintiff believes that this disposition is in error, he may file a motion for reconsideration and attach to it his proposed amended complaint. The court will review any such motion/filing pursuant to the standards governing a motion for leave to amend. Any motion seeking such relief shall be filed on or before March 6, 2020.